IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CATHY EPPINGER**, | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action No.** |
| | ) | **1:21-CV-00268-KAC-CHS** |
| v. | ) | |
| | ) | |
| **UNIVERSITY OF TENNESSEE** | ) | **JURY DEMAND** |
| **AT CHATTANOOGA,** | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

In response to Plaintiff's Motion for Leave to File Amended Complaint, the University simply responds to Plaintiff's Amended Complaint (the "Complaint"), which she could file as a matter of right without seeking court leave.

### FIRST DEFENSE

In response to the enumerated paragraphs in the Complaint, which begin on page 2 under the heading "Amended Retaliation," the University states as follows:

1. The University admits that Amanda Winesburgh entered bi-weekly payroll information for two employees in Facilities Operations, a responsibility that is normally handled by Plaintiff, because Plaintiff could not be located.

2. The University admits, on information and belief, that Plaintiff worked for eight hours on Monday, April 12, 2021, seven hours on Tuesday, April 13, 2021, and

1

eight hours on Wednesday, April 14, 2021.  The University further admits that the deadline for entering bi-weekly payroll information is Wednesdays at 11 a.m.

3.      The University lacks sufficient information to admit or deny the allegations in paragraph 3 and, therefore, denies those allegations.

4.      The University cannot identify an allegation made by Plaintiff in paragraph 4 and, therefore, denies all allegations in this paragraph.

5.      The University admits that Anthony McClellan sent an email on August 17, 2021 announcing that he authorized Debby Corey to enter Motorpool invoices directly into IRIS for payment.  The University lacks sufficient information to admit or deny the remaining allegations in paragraph 5 and, therefore, denies those allegations.

6.      The University admits that a Zoom meeting was conducted on March 8, 2021, and that Kelsey Battles received a promotion.  The University lacks sufficient information to admit or deny the remaining allegations in paragraph 6 and, therefore, denies those allegations.

7.      The University lacks sufficient information to admit or deny the allegations in paragraph 7 and, therefore, denies those allegations.

8.      The University admits that all employees in the department received a new phone on or about April 12, 2021, including Plaintiff.  The University lacks sufficient information to admit or deny the remaining allegations in paragraph 8 and, therefore, denies those allegations.

2

9.      The University lacks sufficient information to admit or deny the allegations in paragraph 9 and, therefore, denies those allegations.

10.     The University lacks sufficient information to admit or deny the allegations in paragraph 10 and, therefore, denies those allegations.

11.     The University admits that Linda Sue Stephens retired on November 30, 2020 and returned in a post-retirement capacity.  The University lacks sufficient information to admit or deny the remaining allegations in paragraph 11 and, therefore, denies those allegations.

12.     The University admits that Tom Ellis, Vice Chancellor of Facilities Operations, denied Plaintiff's request to work four ten-hour days per week.  The University lacks sufficient information to admit or deny the remaining allegations in paragraph 12 and, therefore, denies those allegations.

13.     The University admits that Debby Corey has an office and that Plaintiff works in a cubicle.  The University denies all remaining allegations in paragraph 13.

14.     The University admits that Amanda Winesburgh and Debby Corey hold exempt positions and that Plaintiff's position is non-exempt.  The University denies all remaining allegations in paragraph 14.

15.     The University cannot identify an allegation made by Plaintiff in paragraph 15 and, therefore, denies all allegations in this paragraph.

16.     This paragraph is a legal statement and requires neither an admission or denial.

17.     The University admits that Plaintiff began working for UTC in November of 2011. The University denies all remaining allegations in paragraph 17.

3

18. The University admits that Plaintiff is African American and female. The University denies all remaining allegations in paragraph 18.

19. The University admits the allegations in paragraph 19 on information and belief.

20. The University admits that Plaintiff is presently employed as an Administrative Assistant III with the UTC Facilities Division. The University admits that she has received positive performance reviews since joining Facilities Planning and Management. The University denies all remaining allegations in paragraph 20.

21. Paragraph 21 contains no factual allegations that require either an admission or a denial.

22. The University denies the allegations in paragraph 22.

## JURISDICTION

23. The University admits that this Court has jurisdiction over this matter.

## VENUE

24. The University admits that venue is proper.

## CONDITION PRECEDENT

25. The University admits that Plaintiff filed a Charge of Discrimination with the EEOC on July 1, 2020 and that the matter was transferred to the Tennessee Human Rights Commission, No. THRC#3-025-21; EEOC# 25A-2021-00042C.

26. The allegations in Eppinger's EEOC filings speak for themselves.

27. The University admits that mediation through THRC was scheduled and that it was delayed due to complications from COVID-19.

4

28. The University admits that Plaintiff requested a right-to-sue letter from the THRC on June 21, 2021 and that the right-to-sue letter is dated July 8, 2021.

29. The University admits that Plaintiff filed her original complaint on July 1, 2021. The University denies all remaining allegations in paragraph 29.

30. Paragraph 30 is a legal conclusion that requires neither an admission nor a denial.

## PARTIES

31. The University admits the allegations in paragraph 31 on information and belief.

32. The University admits that Eppinger is an employee and that it is her employer.

33. The University admits that it is an employer. The remaining allegations in paragraph 33 are legal conclusions that require neither an admission nor a denial.

## FACTS

34. The University admits that Plaintiff began working for UTC in 2011.

35. The University admits that Plaintiff transferred to the position of Administrative Assistant III with the UTC Facilities, Planning, and Management Department.

36. The University admits the allegations in paragraph 36.

37. The University admits that Linda Sue Stephens conducted Plaintiff's annual performance evaluations, that those evaluations were favorable and that they resulted in pay increases for Plaintiff.

38. Defendant denies the allegations in paragraph 38.

39. The University admits that Plaintiff's evaluation for 2020 has not been completed.

5

40. The University admits that Plaintiff received a rating of 25 in 2019, a rating of 23 in 2018, and a 24 in 2017. The University admits that Plaintiff's evaluation for 2020 has not been completed. The University denies all remaining allegations in paragraph 40.

41. The University admits that Plaintiff received a pay raise with back pay in 2018. The University denies all remaining allegations in paragraph 41.

42. The University denies the allegations in paragraph 42.

43. The University admits that it received a complaint filed by Plaintiff with the Tennessee Human Rights Commission on December 9, 2020.

44. The University admits that Plaintiff and Amanda Winesburgh received notices of a pay raise on December 11, 2020. The University denies all remaining allegations in paragraph 44.

45. The University admits that it hired Amanda Winesburgh in the Facilities, Planning, and Management Department on or about May 28, 2018 as Project Coordinator and promoted her to Business Manager in April 2020.

46. The University admits that Plaintiff discussed FLSA salary exemptions with Tom Ellis in October 2020.

47. The University admits that Amanda Wineburgh was previously an Administrative Assistant III. The University denies all remaining allegations in paragraph 47.

48. The University admits that Amanda Winesburgh was reclassified to Project Coordinator, meaning she was given additional responsibilities and additional

6

compensation but that her job did not change and no new job was created. The University admits that the Project Coordinator position was not posted.

49.    The University admits that Amanda Winesburgh was reclassified as Business Manager and that the position was not posted on the UTC jobs web site. The University denies all remaining allegations in paragraph 49.

50.    The University admits that on July 13, 2020, Eppinger e-mailed Laure Pou, Assistant Vice Chancellor of Human Resources, and requested answers to the three questions stated in paragraph 50.

51.    The University admits that Ms. Pou told Plaintiff that Ms. Winesburgh was reclassified as Business Manager and given additional responsibilities.

52.    The University admits that because Ms. Winesburgh was reclassified, a search was not required and a search was not conducted.

53.    The University admits that it has reclassified other employees in the past without posting the job for a search.

54.    The University denies the allegations in paragraph 54.

55.    The University denies the allegations in paragraph 55.

56.    The University admits that Plaintiff asked the Tennessee Human Rights Commission to hold a mediation and examine the University's "systemic hiring/promotion process, apologize, and resolve this issue." The University denies all remaining issues in paragraph 56.

57.    The University denies the allegations in paragraph 57.

58.    The University denies the allegations in paragraph 58.

7

59. The University admits that Eppinger served as the backup for her supervisor, Ms. Stephens.

60. The University denies the allegations in paragraph 60.

61. The University admits that some of Plaintiff's job responsibilities were reassigned to Ms. Winesburgh.

62. The University admits that Plaintiff spoke with Tom Ellis, Vice Chancellor of UTC facilities, about promotional opportunities and the shift of some of her responsibilities to Ms. Winesburgh.

63. The University denies the allegations in paragraph 63.

64. The University admits that Plaintiff spoke again with Tom Ellis about the transfer of some of her responsibilities to Ms. Winesburgh.

65. The University denies the allegations in paragraph 65.

66. The University denies the allegations in paragraph 66.

67. The University admits that Plaintiff spoke with Mr. McClellan about the shift in job responsibilities.

68. The University denies the allegations in paragraph 68.

69. The University admits that Mr. Ellis told Plaintiff that Winesburgh's position was reclassified because she had more knowledge of campus-wide issues.

70. The University admits that Plaintiff spoke with Mr. McClellan about the transfer of job responsibilities to Ms. Winesburgh. The University denies all remaining allegations in paragraph 70.

8

71. The University admits that Mr. McClellan held a three-way call with Julie Brown, Director of Employee Relations. The University further admits that Plaintiff instead requested a face-to-face meeting. The University denies all remaining allegations in paragraph 71.

72. The University admits that a meeting was held on January 8, 2021. The University denies all remaining allegations in paragraph 72.

73. The University admits that Mr. McClellan confronted Plaintiff about her statements to another employee about a "racial incident." The University denies all remaining allegations in paragraph 73.

74. The University admits that it assigned Ms. Winesburgh to an office. The University further admits that McClellan told Plaintiff that Ellis was looking for office space for Plaintiff.

75. The University denies the allegations in paragraph 75.

76. The University admits that a meeting was held with McClellan and Ms. Pou. The University admits that it did not inform Plaintiff in advance of the reason for the meeting.

77. The University admits that Plaintiff requested the presence of Julie Brown at the meeting but she was unable to attend.

78. The University admits that it told Plaintiff she could not bring her counsel to the meeting. The University denies the remaining allegations in paragraph 78.

79. The University admits that it issued a Final Written Warning to Plaintiff on April 16, 2021 for inappropriate and disrespectful behaviors exhibited by Plaintiff

9

toward several administrators, including Richard Brown, Vice Chancellor for Finance and Administration, Mr. Ellis, Mr. McClellan and Ms. Winesburgh.

80. The University admits that inappropriate interactions occurred between Plaintiff and Ms. Winesburgh over installation of a new phone.

81. The University denies the allegations in paragraph 81.

82. The University denies the allegations in paragraph 82.

83. The University denies the allegations in paragraph 83.

84. The University denies the allegations in paragraph 84.

85. The University denies the allegations in paragraph 85.

86. The University denies the allegations in paragraph 86.

87. The University admits that exempt employees are paid monthly and employees must record their leave on a monthly timesheet. The University denies all remaining allegations in paragraph 87.

88. The University admits that Plaintiff was assigned monthly payroll. The University denies the remaining allegations in paragraph 88.

89. Th University denies the allegations in paragraph 89. In particular, the University denies any violations of 8 U.S.C. § 1324c, which pertains to falsification of immigration documents.

**DAMAGES**

90. The University denies the allegations in paragraph 90.

91.     The University denies that Plaintiff is entitled to any of the relief listed in the unenumerated paragraph beginning with "WHEREFORE," or to any relief whatsoever.

92.     All allegations not previously admitted or denied are hereby denied.


**First Defense**

Defendant did not violate any of Plaintiff's rights and is not liable to Plaintiff for any reason or for any amount.

**Second Defense**

To the extent Plaintiff's claims are untimely asserted, they are barred by the relevant statutes of limitation, including, without limitation, the requirement of filing a charge of discrimination within 300 days of the allegedly unlawful employment practice.

**Third Defense**

Plaintiff's claims are barred to the extent she failed to exhaust administrative remedies, such as filing a timely charge of discrimination.

Defendant reserves the right to assert additional defenses as established by the facts of the case.

Wherefore, having fully answered the Complaint, Defendant requests that this matter be dismissed and that it be awarded its attorneys' fees, costs and all other relief to which it may be entitled.

Respectfully submitted this the 8th day of November, 2021.

> s/*Michael D. Fitzgerald*
> Michael D. Fitzgerald, BPR # 020079
> Associate General Counsel
> The University of Tennessee
> Office of the General Counsel
> 719 Andy Holt Tower
> Knoxville, TN  37996-0170
> (865) 974-3245
> mike.fitzgerald@tennessee.edu
> Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2021, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

Additionally, a copy of the foregoing was mailed to the following parties proceeding *pro se,* via U.S. Mail, postage prepaid:

> Cathy Eppinger
> 1229 Gunbarrel Road
> Chattanooga, TN  37421
>
> Courtesy copy emailed to:
> Jacqueline Strong Moss, Esq.
> Strong Moss Law
> 707 Georgia Ave., Ste. 401
> Chattanooga, TN  37402
> strongmosslaw@gmail.com

> s/*Michael D. Fitzgerald*

12