STATE OF TENNESSEE

COUNTY OF HAMILTON

### IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **CATHY EPPINGER** | **Civil Action No: 1:21-CV-00268-KAC-CHS** |
| Plaintiff, | |
| | **FILED** |
| V. | JUN 0 9 2022 |
| **UNIVERSITY OF TENNESSEE** | **JURY TRIAL DEMAND**    Clerk, U. S. District Court |
| **AT CHATTANOOGA** | Eastern District of Tennessee |
| Defendant, | At Chattanooga |

### AFFIDAVIT IN SUPPORT OF CAUSE TO END ATTORNEY/CLIENT RELATIONSHIP

PERSONALLY, came and appeared before me, the undersigned Notary, the within name **_Cathy Eppinger_** , of legal age, who is a resident of **_Hamilton_** county, State of **_Tennessee_** , and makes this her statement and General Affidavit upon oath and affirmation of belief and personal knowledge that the following matters, facts and things set forth are true and correct to the best of my knowledge and say **THAT**:

## FACTS/with exhibits

1. On June 8, 2022, Attorney Jacqueline Strong Moss responded only "Yes" to an email question from Eppinger dated April 21, 2022, texted April 22, 2022, and April 25, 2022 two months later remaining questions were never answered as of this date

2. Attorney Moss responded **"Yes"** knowing that this was **false** and is not the witness list Eppinger sent to Attorney Moss on March 11, 2022 via email, Eppinger's provided witness list is not identical to Defendant's disclosure's list which reads "**All witnesses listed by Plaintiff**"

3. Court ordered entered on June 3, 2022, to file within 7-day deadline, Plaintiff received notice on June 7, 2022 via text/email from Attorney Moss 4-days later to file on June 7, 2022

4. On June 1, 2022, Eppinger notified Attorney Moss via email of return out of town date of June 9, 2022

5. On June 8, 2022, asked Attorney Moss several times do I have until the June 10th 2022 to file and act to ordered entered by the court on June 3, 2022, no response as of this date

6. On May 11th (prior to court decline) and 20th (after court decline) of year 2022 via phone, Plaintiff never received motion to withdraw as stated from attorney will be sent via email for Plaintiffs signature

7. May 13, 2022, Attorney motion to withdraw was submitted to Defendant only, Plaintiff received on May 25, 2022 at Plaintiff's request

8. May 24, 2022, via text Attorney advised to submit an affidavit to complete consent to withdraw

9. May 29, 2022, via email affidavit was not mentioned in instructions to withdraw nor was texted question answered to list the cause of attorney's termination within the affidavit

10. May 25, 2022, twelve days later, first notification of May 13, 2022, motion to withdraw had been filed by attorney, Plaintiff learned of this information via phone call to attorney

11. Attorney incorrectly typed Plaintiff's email address, an undelivered email warning is **ALWAYS** returned to sender, plaintiff had not been notified after the fact, and did not receive through U.S. mail

12. Defendant's Attorney initial disclosure, on April 21st, 22nd, and 25th of year 2022, Plaintiff asked attorney to explain line item 16 which reads "all witnesses listed by Plaintiff" this was listed by the Defendant's Attorney, and Plaintiff's attorney refuse to explain, **Why**

13. According to March 11, 2022, filed document, Defendant's attorney, as well as, Plaintiff's attorney knew his listed witnesses were **FALSE** when the list was created, and were not submitted by **PLAINTIFF see line item 1** Plaintiff's attorney **responded "Yes"**

14. February 9, 2022, vital information was **"REMOVED"** witness Kenny Tyler from Plaintiff's "Motion to Amend" after Plaintiff had signed with **NOTARY**; attorney also did not sign at the time of notary, location UPS, 2288 Gunbarrel Road, Chattanooga, TN 37421

15. February 9, 2022, I contact Attorney Moss of my concern and attorney Moss eventually added witness Tyler back in the motion at plaintiff's request

16. Witnesses Akita Johnson, Kelsey Battles, and ArDarryl Clay vital witnesses have been removed from witness list "Plaintiff's Disclosure" Attorney Moss never sent copies to Plaintiff, Plaintiff retrieve Plaintiff's Disclosure document from court

17. As of this date, Attorney has not returned Plaintiffs case file as requested in May 9, 2022, attorney's termination letter, and/or attempted to explain the delay


**FACTS** of unsound legal advice, unanswered questions, inconsistency, and timely notification not given **THAT:**

I execute this affidavit for whatever and all legal purposes, it may serve in connection with this case to "Remove" **Attorney Jacqueline Strong Moss** as counsel, all attorney fees, and **if any** awards to Plaintiff Eppinger be removed from Jacqueline Strong Moss and allow Plaintiff Eppinger to act as *Pro Se* litigant in the case of **Cathy Eppinger vs University of Tennessee at Chattanooga.**


**IN WITNESS HEREOF,** I hereunto sign my name below this _9th_ day of _June_ 20_22_

_____
Signature of Affiant


SWORN to subscribed before me, this _9th_ day _June_, 20_22_

_____
NOTARY REPUBLIC


MY COMMISSION EXPIRES

_Jan 28, 2026_

3

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing instrument was delivered to the following persons set out below by U.S. mail and postage prepaid

On this _____ day of _____ 2022

UTC of Tennessee at Chattanooga
Yousef Hamadeh Esq.
Office of the General Counsel
615 McCallie Avenue
Chattanooga, TN 37403

UTC of Tennessee at Knoxville
Michael Fitzgerald, Esq
Office of the General Counsel
505 Summer Place, UTT # 1120A
Knoxville, TN 37902

Strong Moss Law
Jacqueline Strong Moss, BPR, 022952
1089 Baily Avenue, Suite C7
Chattanooga, TN 37404

**From:** Jacqueline Strong Moss
**Sent:** Wednesday, June 8, 2022 9:47 AM
**To:** Cathy Eppinger
**Subject:** Re: Eppinger - DEF Initial Disclosures

Yes!

**STRONG MOSS LAW**
Jacqueline Strong Moss, Esq.
Voice:     423-580-5621
Fax:        931-572-5483
E-mail:   strongmosslaw@gmail.com

On Apr 21, 2022, at 4:04 AM, Cathy Eppinger <keppingr@epbfi.com> wrote:

Please explain item number 16 of the defendant's disclosure, did I submit this list of people to you?

Also, was this motion "defendant's disclosure" filed with the court?

Fitzgerald's provided list is in favor of UTC. Why would I provide a list of people whom I know who are against me?

When will we provide my list of witnesses that I provided to you?

Sent from my T-Mobile 5G Device
Get Outlook for Android

# FW: WITNESSES - PER YOUR REQUEST

 **keppingr@epbfi.com <keppingr@epbfi.com>**
3/11/2022 6:19 PM

To: keppingr@bellsouth.net

 WitnessessUTvsEppinger.docx
21.61 KB

**From:** keppingr@epbfi.com <keppingr@epbfi.com>
**Sent:** Friday, March 11, 2022 5:58 PM
**To:** 'Attorney Jacqueline Strong Moss' <strongmosslaw@gmail.com>
**Subject:** WITNESSES - PER YOUR REQUEST

Please see attached witnesses per your request by today date March 11, 2022.



Thanks,

Cathy
423-944-3777

## WITNESSES:



- Kelsey Battles recent leadership role – February 2022 with two direct reports Ken Hood and Jean Betters- job was not posted under the age of 40 yrs.

- Jean Better – can confirm that she reports to Kelsey Battles

- Ken Hood -can confirm that he reports to Kelsey Battles

- Corey McGraw stated "I am proud of Brandon Pratt for his promotion, but what I cannot understand why they do not post positions"



- Adarryl Clay, Dagbir Seke, and Joey Chesnutt all worked 4 10's

- Debbra Corey – duties were removed from Eppinger and given to Ms. Corey after I inquired of her completed one of my job duties

- Myra Armstrong and Freddy Sturdivant (Black Americans) were both interview for promotions and job was posted

- Donnie Hodge and Linda Sue Stephens – stated a 5% raise would be given to those with a 25 or higher score

- Jean Betters – confirms that Battles signs her time sheet in the approval slot

- Ken Hood – confirms that Battles signs his time sheet in the approval slot

- Linda Sue Stephens – can confirm Lisa Darger's issues from 2015–2021-time sheet submittal

- Kenny Tyler - can confirm Lisa Darger's issues from 2015–2021-time sheet submittal



- Akita Johnson - former UTC employee, can confirm that there has never been a Black American student accepted in the Occupational Therapy Doctorate program – phone #423-888-4636

- Joey Chesnutt can confirm that he sent me a text that read "this is a test run" my job duties was upon a test drive in which I was not inform and/or included

- Anthony McClellan can confirm reading the text "this is a text run"

✱ Removed w/out my consent

**From:** Jacqueline Strong Moss
**Sent:** Tuesday, June 7, 2022 7:31 PM
**To:** Cathy Eppinger
**Subject:** Fwd: Activity in Case 1:21-cv-00268-KAC-CHS Eppinger v. University ofTennessee Order

As requested!

---------- Forwarded message ---------
From: <tned_cm-ecf@tned.uscourts.gov>
Date: Fri, Jun 3, 2022 at 11:25 AM
Subject: Activity in Case 1:21-cv-00268-KAC-CHS Eppinger v. University of Tennessee Order
To: <tned_Courtmail@tned.uscourts.gov>

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

Live Database

**U.S. District Court - Eastern District of Tennessee**

## Notice of Electronic Filing

The following transaction was entered on 6/3/2022 at 11:24 AM EDT and filed on 6/3/2022
**Case Name:**         Eppinger v. University of Tennessee
**Case Number:**      1:21-cv-00268-KAC-CHS
**Filer:**
**Document Number:** 26

**Docket Text:**
**ORDER. United States Magistrate Judge Christopher H. Steger granted Plaintiff's Motion on February 23, 2022, directing her to "electronically file her amended complaint within seven days of [the] entryof this Order" [20]. Plaintiff has failed to do so. Accordingly, the Court ORDERS Plaintiff to file her Amended Complaint pursuant to Judge Steger's Order within seven (7) days of the entry of this Order. Signed by District Judge Katherine A. Crytzer on 6/3/22. (ADA)**

**1:21-cv-00268-KAC-CHS Notice has been electronically mailed to:**

# Review Judicial Order And Authorize Submission Of Amended Petition



**4235805621@mms.att.net <4235805621@mms.att.net>**

6/7/2022 7:33 PM

To: kepping@epbfi.com

text_0.txt
52 bytes

text_0(7481) - Notepad

File    Edit    View

Cathy:    Need to file today.
JStrongMoss

**From:** Cathy Eppinger
**Sent:** Wednesday, June 1, 2022 5:40 PM
**To:** Jacqueline Strong Moss
**Subject:** Re: Notice of Intent To Withdraw


I will be out if town until June 9, 2022, and  I plan to have my affidavit notarized and submitted on this day.

Sent from my T-Mobile 5G Device
Get Outlook for Android



Wednesday, June 8

The order June 3 I have until the 10th

9:32 AM Will this be correct

Please answer my question. Do I have until the 10th to file yes or no? This will be 7 days.

9:38 AM

Records indicate that this was entered on 3rd, I did not receive notice until the 7th from my attorney on record. Please tell me, why? Records also indicate when you forward the message.

9:49 AM

Do I have until the 10th Yes or No?

9:50 AM

Please answer the text, please.

9:51 AM

LINE Item
5

**From:** Jacqueline Strong Moss
**Sent:** Wednesday, May 11, 2022 3:21 PM
**To:** Cathy Eppinger
**Subject:** Re: High Importance - Certified mail to follow


On conference call - will forward you a copy when completed.. please allow 48 hours to enter and
forward copy,
**STRONG MOSS LAW**
Jacqueline Strong Moss, Esq.
Voice:   423-580-5621
Fax:      931-572-5483
E-mail:  strongmosslaw@gmail.com


On May 11, 2022, at 3:04 PM, Cathy Eppinger <keppingr@epbfi.com> wrote:


Hi Mrs. Jacqueline,
On what date will you file your withdrawal motion?


Sent from my T-Mobile 5G Device
Get Outlook for Android

**From:** Jacqueline Strong Moss
**Sent:** Wednesday, May 25, 2022 1:52 PM
**To:** Cathy Eppinger
**Subject:** Fwd: Filed Document


Cather:
Re-sending document to requested
e-mail address keppingr@epbfi.com
Please confirm receipt.


**STRONG MOSS LAW**
Jacqueline Strong Moss, Esq.
Voice:    423-580-5621
Fax:       931-572-5483
E-mail:  strongmosslaw@gmail.com

Begin forwarded message:

> **From:** Jacqueline Strong Moss <strongmosslaw@gmail.com>
> **Date:** May 25, 2022 at 10:17:13 AM PDT
> **To:** Cathy Eppinger <keppinger@epbfi.com>
> **Subject: Filed Document**


> https://ecf.tned.uscourts.gov/doc1/16715266715

LINE Item 7

## Follow Instructions

Cathy:

I am in Portland Oregon preparing for my son's double knee surgery...

Simply send an affidavit authorizing my withdrawal and we are done... (use the same model used in the circuit court) and sign it in front of a notary.

Send it and I will file my motion with your submitted affidavit...



I need to understand the language and see changes

**View all** >

6:39 PM

Secondly, "good cause", honestly, we both know why I wish to discontinue the attorney/client relationship, and I believe I have a valid cause. Do I need to write that in the affidavit?

7:45 PM

Tuesday, May 31

Hi Ms. Jacqueline,
The document/motion that was filed on March 11, 2022, does not include all information that I submitted to you, and my question is why and I believe, I should have received a copy, at or around the time of submission, and I did not, please, please tell me why?

1:52 PM

**From:** Jacqueline Strong Moss
**Sent:** Sunday, May 29, 2022 7:27 PM
**To:** Cathy Eppinger
**Subject:** Notice of Intent To Withdraw

Mrs. Eppinger:

As requested, I have submitted a Motion to Withdraw at your request.

The Court will authorize my withdrawal with written consent from both you and Defense Counsel.

Note, that if it is your intent to submit written consent for StrongMoss Law to withdraw as your attorney of record, it must be submitted in writing with your signature, a notarized document is preferred.

If my request to withdraw is approved, you will be responsible for complying with all deadlines, orders of the Court, and time limitations of the Local Rules and Federal Rules of Civil Procedure.

You should have the scheduling Order and all other filings. I can set up a date to discuss pending filing deadlines with you or substitute counsel.

You can reach me at 423-580-5621 or by e-mail at strongmosslaw@gmail.com.

**STRONG MOSS LAW**
Jacqueline Strong Moss, Esq.
Voice:   423-580-5621
Fax:       931-572-5483
E-mail:   strongmosslaw@gmail.com



| | | |
|---|---|---|
| CATHY EPPINGER, | * | |
| Plaintiff, | * | Civil Action No: 1:21-CV-00268-KAC-CHS |
| | * | |
| vs. | * | JURY DEMAND |
| | * | |
| UNIVERSITY OF TENNESSEE | * | |
| AT CHATTANOOGA, | * | |
| Defendant. | * | |

## MOTION TO WITHDRAW

Attorney Jacqueline Strong Moss seeks leave to withdraw as attorney of record for Plaintiff, Cathy Eppinger, based on the fact that other good cause for withdrawal exists that includes Ms. Eppinger's request to represent herself in this action.

Wherefore, Premises Considered, Attorney for Plaintiff respectfully request that she be given leave to withdraw as attorney of record for Plaintiff Eppinger, and the proposed Order Granting Leave to Withdraw be approved for entry.

**STRONG MOSS LAW**

/s/ *Jacqueline Strong Moss*
_____
Jacqueline Strong Moss, BPR 022952
Attorney of Record, Cathy Eppinger
1089 Bailey Avenue, Suite C7
Chattanooga, TN 37404
Phone: 423-580-5621
Email: strongmosslaw@gmail.com

1

Read the motion and possibly the reason I did not receive a copy is because my email address was typed incorrectly, please change to:

**keppingr@epbfi.com**

Also, I believe I heard you say you were going to make some changes what will be the change.

I need to understand the language and see changes not verbally heard. Please tell me Why can't have a copy of the changes, why?

Let's work this out, please. The trust is no longer there because you have not been honest with me.

You could have called me to come and sign the motion. You know I would have been there. You know





What is the problem, there is a need for me to sign therefore, why can I have a copy?

4:51 PM

I have not read the copy that was declined because it was a decline therefore, I would like to have the corrected copy.

5:08 PM

Read the motion and possibly the reason I did not receive a copy is because my email address was typed incorrectly, please change to:

keppingr@epbfi.com

Also, I believe I heard you say you were going to make some changes what will be the change.

I need to understand the language and see changes

**View all**

6:39 PM

**From:** mailer-daemon@epbfi.com
**Sent:** Wednesday, May 25, 2022 9:23 PM
**To:** keppingr@epbfi.com
**Subject:** Undelivered Mail Returned to Sender


   This is an automatically generated Delivery Status Notification.

Delivery to the following recipients was aborted after 0 second(s):

 * keppinger@epbfi.com → *Identical Email ——→ Tested By Eppinger*

Reason: Undeliverable message, remote host 74.205.143.89 said: 550, 550 5.1.1
<keppinger@epbfi.com> recipient address rejected [Subject: TEST EMAIL]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | | |
|---|---|---|
| CATHY EPPINGER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 1:21-CV-00268-KAC-CHS |
| v. | ) | |
| | ) | |
| UNIVERSITY OF TENNESSEE | ) | JURY DEMAND |
| AT CHATTANOOGA, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant provides the following initial disclosures:

**(A)    The name and contact information of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

**DISCLOSURE:**    The following individuals are believed to have discoverable information that Defendant may use to support its defenses in this action.  Individuals currently employed by the University may be contacted through counsel for Defendant.

The following individuals have knowledge of Plaintiff's performance, organization of the Department of Facilities, Planning and Management, promotional opportunities within the Department, and compensation of Department employees.

*[handwritten: Lisle Ila]*

*[handwritten: 12]*

**DISCLOSURE**:  The following documents may be used by Defendant to support its defenses in this action.

1.  UTC Office of Equity and Inclusion Complaint Procedure
2.  University of Tennessee Human Resources Policy HR0220
3.  University of Tennessee Human Resources Policy HR0280
4.  University of Tennessee Human Resources Policy HR0580
5.  Cathy Eppinger personnel file
6.  Cathy Eppinger file maintained by Anthony McClellan
7.  All documents attached to Exhibits in Support of Plaintiff Motion for Leave to File Amended Complaint, filed in Hamilton County Circuit Court on October 1, 2021.
8.  Final Written Warning dated April 16, 2021
9.  Cathy Eppinger files maintained by Office of Equity and Inclusion
10. Cathy Eppinger job applications
11. UTC hiring, promotion and compensation policies, procedures, and forms

**(C)**  **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

**DISCLOSURE**: Not applicable.

**(D)**  **For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2022, a true and exact copy of the foregoing

was delivered via e-mail to strongmosslaw@gmail.com. A true and exact copy was also

mailed via first-class mail, postage prepaid, to the following address:

Jacqueline Strong Moss
Strong Moss Law
1089 Bailey Avenue, Suite C7
Chattanooga, TN 37404

/s/ Michael D. Fitzgerald
Michael D. Fitzgerald



Friday, April 22

Good morning,

Please check your email sent to you on April 21, 2022. I have valid questions that need to be addressed. One of which..."witnesses", I did not submit to you, yet documentation states, I did...line item 16.

please advise.

8:15 AM

Monday, April 25

Hi Mrs. Jacqueline, Do you have plans to answer my questions, please let me know because they are valid questions and my preference is in writing? You have asked me things in writing, and I honored your request. Please honor my request, please.

3:14 PM

   

**From:** Cathy Eppinger
**Sent:** Wednesday, May 11, 2022 11:57 PM
**To:** keppingr@bellsouth.net
**Subject:** Fwd: Eppinger - DEF Initial Disclosures

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Cathy Eppinger <keppingr@epbfi.com>
**Sent:** Thursday, April 21, 2022, 4:04 AM
**To:** Jacqueline Strong Moss
**Subject:** Re: Eppinger - DEF Initial Disclosures

Please explain item number 16 of the defendant's disclosure, did I submit this list of people to you?

Also, was this motion "defendant's disclosure" filed with the court?

Fitzgerald's provided list is in favor of UTC. Why would I provide a list of people whom I know who are against me?

When will we provide my list of witnesses that I provided to you?

Sent from my T-Mobile 5G Device
Get Outlook for Android

# UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF TENNESSEE
### CHATTANOOGA DIVISION

| | | |
|---|---|---|
| CATHY EPPINGER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| v. | ) | _____ |
| | ) | |
| UNIVERSITY OF TENNEESSEE | ) | JURY TRIAL DEMANDED |
| AT CHATTANOOGA | ) | |
| | ) | |
| Defendants. | ) | |

## INITIAL DISCLOSURES OF PLAINTIFF

Plaintiff Cathy Eppinger ("Mrs. Eppinger"), makes the following disclosures pursuant to Fed. R. Civ. P. 26(a):

Plaintiff has not had the opportunity to completed discovery or the preparation for trial in this action. Therefore, the information contained herein, and any documents identified, described, or produced are based only upon information presently available to the Union, and are given in a good faith effort to comply with Rule 26(a)(1).

These initial disclosures are therefore made without prejudice to the Plaintiff's right to produce, pursuant to the Federal Rules of Civil Procedure, any information that may subsequently be discovered or determined to be relevant to the subject matter of this action.

Plaintiff's Initial Disclosures should not be construed as prejudicing or in any way limiting Plaintiff Eppinger with respect to further discovery, research, analysis, or proof.

Each of the following Initial Disclosures are made subject to all available objections, including but not limited to, competency, materiality, relevancy, propriety, admissibility, r any other grounds that would require their exclusion in any proceeding.

1

All such objections and grounds are expressly reserved and may be made at the time of the trial. Mrs. Eppinger generally asserts the attorney-client and work-product privileges as to all relevant documents that may exist and are subject to these privileges. To the extent any such Initial Disclosure contains or refers to matters otherwise protected from discovery by the work-product doctrine or the attorney-client privilege, no waiver is intended. No waiver is intended as to any other matters that are or may be subject to such protection or are otherwise privileged. The relevancy of any such matter is not conceded. Except for the explicit facts stated therein, no incidental or implied admissions are intended.

## INITIAL DISCLOSURES

Mrs. Eppinger submitted these Initial Disclosures solely in compliance with Rule 26(a)(1), and these Initial Disclosures are solely for the purpose of and in relation to this action.

ll listed individuals are UTC employees and their contact information is available to the Attorney of Record for the University of Tennessee at Chattanooga.

The names and each individual likely to have discoverable information, the subject of that information, what the disclosing party may use to support its claims or defenses, is listed below.

## UTC EMPLOYEES WITH DISCOVERABLE INFORMATION

1. Kelsey Battles recent leadership role – February 2022 with two direct reports Ken Hood and Jean Betters- job was a reclassification.

2. Battle is a White female under the age of 40 years of age and supervisory approval and support was required for her to be promoted through the reclassification process.

3. Jean Better – can confirm that she is a direct reports to Kelsey Battles, and the time frame that the reporting status changed.

2

4. Ken Hood - can confirm that he reports to Kelsey Battles, and the time frame that the reporting status changed.

5. Corey McGraw – can testify to his frustration over the number of promotions that have been made in the last five years outside of the Human Resources Application Process

6. Debbra Corey – duties were removed from Eppinger and given to Ms. Corey after I inquired of her completed one of my job duties

7. Myra Armstrong and Freddy Sturdivant - (Black Americans) were required to interview for promotions opportunities through the Human Resources position posting and application process.

➢ Donnie Hodge and Linda Sue Stephens – statement to Plaintiff Eppinger that a 5% raise would be given only to those with a 25 or higher score

➢ Jean Betters – confirms that Battles signs her time sheet in the approval slot

➢ Ken Hood – confirms that Battles signs his time sheet in the approval slot

➢ Linda Sue Stephens – the unequal treatment afforded Lisa Darger in proper submission of issues 2015–2021-time sheet submittal

➢ Kenny Tyler - can confirm Lisa Darger's issues from 2015–2021-time sheet submittal

➢ Joey Chesnutt can confirm that he is receiving training on a new system that Plaintiff Eppinger is not being trained on.

➢ Anthony McClellan can confirm reading the text "this is a text run"

Respectfully submitted,

STRONG MOSS LAW

Jacqueline Strong Moss
Tennessee Bar No.: 022952
*Attorney for Plaintiff Cathy Eppinger*
1089 Bailey Avenue, Suite C7
Chattanooga, TN 37404
423-580-5621          Voice
931-572-5483          Fax
                         E-mail

3

<  **Attorney Jacqu...** ⌄   ⋮

Wednesday, February 9

> Vital information have
> been removed out if
> the amendment after I
> signed with the notary; in
> which I feel can help my
> case, especially with my
> witnesses. We need to talk
> when you get out of court.
> Also, I did not like the fact
> that you did not sign in front
> of the notary as I did... is this
> lawful?

8:43 AM

You stated that I was the
Attorney and you would
follow my advice.

Call me st 12:00
423-580-5621

11:11 AM

> 1st attachment, Vital
> information, I would like
> to keep. I have witnesses.
> Line 51 in contrast to an
> employee making 12.00,
> identical duties, I would lik~
> added.

11:19 AM

  ＋      

|||     ◯     ‹

May 9, 2022

Attorney Jacqueline Strong Moss
1089 Bailey Avenue, Suite C7
Chattanooga, Tennessee 37404

**RE: Termination of Legal Services**

Dear Ms. Jacqueline,

I have decided to terminate our current legal relationship immediately and to continue as **Pro Se** in case number 1:21-CV-268-KAC-CHS, **Cathy Eppinger v. University of Tennessee at Chattanooga.**

I am terminating this relationship because I have attempted multiple times to receive a response in the action of the "**Defendants disclosure.** The reply to my questions is a simple yes or no, dates, and a date to receive a "stamp" court document. My request in writing is due to continuous fabrications that I have received verbally which has often changed to a different fabrication. On two occasions via your text to withdraw on April 28th and May 3rd of 2022, and as of this date there has not been any withdraw updates. This has been a pattern from the beginning of the attorney/client relationship. I expect reasonable communication, sound legal advice, as well as integrity and I do not believe; I have received either.

Please do not take any further action on my behalf.

I request that you send a copy of my case file immediately to the address below so that I can continue and complete my dates in a reasonable time.

**Cathy Eppinger**
**122 Gunbarrel Road**
**Chattanooga, Tennessee 37421**

Sincerely,

Cathy Client

1229 Quarberne CRD
Chattanooga, TN 37421

**CERTIFIED MAIL**

7021 2720 0002 5999 1251

Jacquelene Strong Moss
1089 Barly Avenue, Suite 2F
Chattanooga, Tennessee 37404

Hasler
05/10/2022
US POSTAGE $007.33

FIRST-CLASS MAIL

ZIP 37403
011E12651286

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jacqueline Stacy Mass
1089 Bailey Avenue, Suite 4
Chattanooga, TN. 37404

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 7009 1225 4179 23

2. Article Number (Transfer from service label)

7021 2720 0002 5999 1251

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt