| | |
|---|---|
| **CATHY EPPINGER**<br>Plaintiff,<br><br>V.<br><br>**UNIVERSITY OF TENNESSEE**<br>**AT CHATTANOOGA**<br>Defendant, | Civil Action No: 1:21-CV-00268-KAC-CHS<br><br>**FILED**<br>AUG 0 4 2022<br>Clerk, U. S. District Court<br>Eastern District of Tennessee<br>At Chattanooga<br><br>**JURY TRIAL DEMAND** |

# PLAINTIFF REPLY TO DEFENDANT'S ANSWER

**Comes Now** the Pro Se Plaintiff Cathy Eppinger ("Eppinger"), Pro Se Plaintiff in the above styled action, **REPLY TO DEFENDANTS ANSWER** with the Honorable U.S. District Court and, Pro Se Plaintiff herein will show before the Honorable U.S. Court all facts, circumstances, detailing among other things, and files her **REPLY TO DEFANDANTS ANSWER** for **Damages** and **Demand for Jury Trial.**

## FIRST DEFENSE

[1]Plaintiff Eppinger replies to Defendants **Answer** to the section in Plaintiff's Amended complaint labeled "Background," Plaintiff Eppinger **denies** Defendant incorrectly name the additional Charge as ONLY "Discrimination." Plaintiff Eppinger **corrects** Defendant that it should be and read Age Discrimination in Employment, Americans with disabilities, and Retaliation filed with U.S. Equal Employment Opportunity Commission ("EEOC) on September 9, 2021. Additionally, EEOC closed the investigation **only** because Plaintiff Eppinger's charges were

1

COUNTY OF HAMILTON
IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

| | |
|---|---|
| CATHY EPPINGER<br>Plaintiff,<br><br>V.<br>UNIVERSITY OF TENNESSEE<br>AT CHATTANOOGA<br>Defendant, | Civil Action No: 1:21-CV-00268-KAC-CHS<br><br><br>JURY TRIAL DEMAND |

## PLAINTIFF REPLY TO DEFENDANTS ANSWER

**Comes Now** the Pro Se Plaintiff Cathy Eppinger ("Eppinger"), Pro Se Plaintiff in the above styled action, **REPLY TO DEFENDANTS ANSWER** with the Honorable U.S. District Court and, Pro Se Plaintiff herein will show before the Honorable U.S. Court all facts, circumstances, detailing among other things, and files her **REPLY TO DEFANDANTS ANSWER** for **Damages** and **Demand for Jury Trial.**

### FIRST DEFENSE

[1]Plaintiff Eppinger replies to Defendants **Answer** to the section in Plaintiff's Amended complaint labeled "Background," Plaintiff Eppinger **denies** Defendant incorrectly name the additional Charge as ONLY "Discrimination." Plaintiff Eppinger **corrects** Defendant that it should be and read Age Discrimination in Employment, Americans with disabilities, and Retaliation filed with U.S. Equal Employment Opportunity Commission ("EEOC) on September 9, 2021. Additionally, EEOC closed the investigation **only** because Plaintiff Eppinger's charges were

1

currently covered in Federal Court and two investigations were not necessary, therefore, the commission EEOC issued Plaintiff Eppinger a "right to sue letter" on April 28, 2022.

---

[1] **First Defense** - violations of Title VII of the Civil Rights Act of 1964 ("Title VII") as codified, 42 U.S.C. §§ 2000e et seq., Age Discrimination in Employment Act of 1967, (ADEA) as codified, 29 U.S. C. §§ 621 to 634, Americans with disabilities Act of 1990 ("ADA") as amended by the ADA Amendments Act of 2008 ("ADAAA") as codified, 42 U.S.C. §§ 12101 to 12213, collectively the (ADA).

In reply to the enumerated paragraphs of the Defendant Answer from the Plaintiff Eppinger's Amended Compliant is as follows:

**PRELIMINARY STATEMENT**

1. Upon information (Law), Plaintiff Eppinger admits to Paragraph 1 as a Legal statement and admission or denial is not required.

2. Upon information and belief, Plaintiff Eppinger admits allegations that Plaintiff Eppinger is an African American, a female, and over the age of 40, and wears hearing aids. Plaintiff Eppinger admits that the university does not have sufficient information that Plaintiff Eppinger wears hearing aids due to disability, information can be provided, and hearing aids are visible.

3. Plaintiff Eppinger admits to Paragraph 3. Plaintiff Eppinger is employed as an Administrative Assistant III at the University of Tennessee at Chattanooga, (UTC).

4. Plaintiff Eppinger deny to Defendant answer in paragraph 4.

5. Plaintiff Eppinger deny to Defendant answer in paragraph 5.

**JURISDICTION**

6. Plaintiff Eppinger admits that this Court has jurisdiction over this matter

**VENUE**

2

7. Plaintiff Eppinger admits the venue is proper

## CONDITION PRECEDENT

8. Plaintiff Eppinger deny Defendant answer to paragraph 8. Plaintiff Eppinger filed an initial inquiry with EEOC, due to interview date, Plaintiff Eppinger file an inquiry with the Tennessee Human Rights Commission ("THRC") #No. THRC#3-025-21; EEOC# 25A-2021-00042C; charge of discrimination based on race violation of Title VII of the Civil Rights Act of 1964; Plaintiff Eppinger received "Right to Sue Letter" on July 8, 2021 from the EEOC prior to filing her complaint in the Circuit Court of Hamilton County on July 1, 2021.

9. Plaintiff Eppinger admits allegation speak for themselves in Paragraph 9. Plaintiff Eppinger denies Defendant answer job opportunities with HIGHER pay at the university for Directors, Manager, and Business Managers are often for selective White Americans.

10. Plaintiff Eppinger admits to filing, denies Defendant incorrectly name the additional Charge as "age." only, Plaintiff Eppinger **corrects** Defendant that it should read additional charge with the EEOC on the basis of Retaliation, Age discrimination, and Disability.

11. Plaintiff Eppinger admits allegations that the university does not have sufficient information that Plaintiff Eppinger filed an inquiry with **(EEOC)** on June 16, 2022, interview date, September 13, 2022 for an additional retaliation, harassment, and discrimination complaint. Information can be provided.

12. Plaintiff Eppinger admits allegations that Plaintiff Eppinger received a performance evaluation score of 13 for year 2021, evaluation results, not eligible for pay raise. Plaintiff Eppinger denies Defendant answer for remaining allegation in Paragraph 12.

13. Plaintiff Eppinger admits Paragraph 13. A legal conclusion that requires neither an admission nor a denial. Plaintiff Eppinger has fully complied with all prerequisites to jurisdiction in this court.

## PARTIES

14. Plaintiff Eppinger admits to Defendant answer in Paragraph 14. Plaintiff Eppinger hearing aids are visible, disability proof can be provided.

15. Plaintiff Eppinger admits to allegations in Paragraph 15 on information and belief.

16. Plaintiff Eppinger admits to the Defendant answer that Plaintiff Eppinger is an employee at the university. Defendant did not specifically admit or deny that Plaintiff Eppinger is an employee, as defined by Title VI, Title VII, the ADA, and the ADEA.

17. Plaintiff Eppinger admits the allegations in Paragraph 17 legal conclusion require neither admission nor denial.

18. Plaintiff Eppinger admits the university can be served with process through the office of General Counsel.

## DISCRIMINATION BASED ON RACE TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U. S.C. 200E

19. Plaintiff Eppinger admits to Paragraph 19

20. Plaintiff Eppinger deny to Defendant answer in Paragraph 20.

21. Plaintiff Eppinger deny to Defendant answer in Paragraph 21

4

22. Plaintiff Eppinger deny to the Defendant answer in Paragraph 22. Plaintiff Eppinger admits there was a reorganization only to eliminate Plaintiff's position. Human Resources advised Dr. Rutledge/Dr. McDonald that Plaintiff Eppinger cannot be force to **apply** out of her position this prompted the reorganization. Proof available.

23. Plaintiff Eppinger admits to the Defendant answer in Paragraph 23. Duties were transferred. Plaintiff Eppinger continued at her office area without assigned duties for 8 hours daily, and awaits job opportunity. Plaintiff Eppinger then complained to Human Resources regarding. Plaintiff Eppinger then became a floater, and worked from a narrow room full of stored computer equipment. Plaintiff has available witnesses. Other Admins continued their assigned area until hired. Discriminatory.

24. Plaintiff Eppinger deny to the Defendant answer in Paragraph 24.

25. Plaintiff Eppinger admits to the Defendant answer in Paragraph 25. Plaintiff Eppinger is unsure if an application was actually submitted but absolute that she interviewed and received notification from Dan Webb Human Resources in 2015.

**DISPARATE TREATMENT BASED ON RACE**

26. Plaintiff Eppinger admits to Paragraph 26. Over 10 years with the university Plaintiff Eppinger has not been promoted.

27. Plaintiff Eppinger admits the allegations in Paragraph 27. Here, Defendant failed to make submission or deny performance reviews. Plaintiff has received favorable performances from 2015-2019 exceeding all requirements. Plaintiff Eppinger did not receive a performance review in 2020 as her peers, which is discriminatory.

5

28. Plaintiff Eppinger deny Defendant answer in Paragraph 28. Plaintiff Eppinger credentials speak for themselves.

29. Plaintiff Eppinger admits to the Defendant answer in Paragraph 29. Plaintiff Eppinger is the only female, African American, Administrative Assistant III in the Facilities Department.

30. Plaintiff Eppinger deny to the Defendant answer in Paragraph 30.

## UNEQUAL PAY FOR PERFORMANCE

31. Plaintiff Eppinger admits to the Defendant answer in Paragraph 31. Plaintiff Eppinger deny to Defendant answer, results were "base" pay increase, which did not reflect the report.

32. Plaintiff Eppinger deny to the Defendant answer in Paragraph 32.

33. Plaintiff Eppinger admits to the Defendant answer that Plaintiff addressed an issue of unequal pay to her supervisor Linda Sue Stephens. Plaintiff Eppinger deny Defendant answer to the remaining allegation in Paragraph 33.

34. Plaintiff Eppinger admits a pay increase with back pay in 2018. Plaintiff Eppinger denies written evaluation from 2015-2019 did not reflect numeric scores.

35. Plaintiff Eppinger admits Paragraph 35. Plaintiff Eppinger received a score of 23 for her performance in 2019 but later changed to 25 after Plaintiff Eppinger questioned. Plaintiff Eppinger's performance evaluation speak for themselves.

36. Plaintiff Eppinger deny Defendant answer in Paragraph 36.

37. Plaintiff Eppinger admits to Paragraph in 37. Plaintiff Eppinger denies a score of 23 was received on yearly evaluations 2015-2018. A score of 25 received in 2019, after dispute. Performance evaluation speaks for themselves.

38. Plaintiff Eppinger deny Defendant answer in Paragraph 38. Plaintiff Eppinger received a score of 25 in 2019, after the score 23 was questioned. Moreover, Defendant referred to incorrect Exhibit D, it should be Exhibit E pg. 18

39. Plaintiff Eppinger admits to Paragraph 39. The year 2020 is correct. The Defendant incorrect on cited exhibit. Plaintiff Eppinger correctly cited Exhibit H and year.

40. Plaintiff Eppinger admits to Defendant answer in Paragraph 40.

**UNEQUAL ADVANCEMENT OPPORTUNITIES BASED ON RACE**

41. Plaintiff Eppinger admits to Paragraph 41. Plaintiff Eppinger denies Defendant answer all allegation are true, provided Exhibits speaks for themselves.

42. Plaintiff Eppinger admits to Paragraph 42. Prior to Winesburgh position Project Coordinator non- exempt, Amanda Winesburgh was an Administrative Assistant III as Plaintiff Eppinger.

43. Plaintiff Eppinger admits to Paragraph 43. On April 1, 2019 Amanda Winesburgh was promoted to exempt status.

44. Plaintiff Eppinger admits to Paragraph 44. Amanda Winesburgh was promoted to Business Manager position on April 20, 2020. Plaintiff Eppinger did cite the incorrect page numbers; it should read Exhibit I 48-53. Plaintiff Eppinger denies Defendant answer, documents does support allegations. Emails speak for themselves.

7

45. Plaintiff Eppinger admits to Paragraph 45. Debby Corey, white female over age 40 was promoted to exempt status in May 2019. Plaintiff Eppinger cited the incorrect page numbers; it should read Exhibit I 48-53. Emails speak for themselves. Plaintiff Eppinger denies Defendant answer, documents does support allegations.

46. Plaintiff Eppinger admits Kelsey Battles is a white female under the age of 40 and that she was promoted in February of 2021 with 2 direct reports, Work Control Analysis, her title change did change. Plaintiff Eppinger denies Defendant answer, all other allegations are true.

47. Plaintiff Eppinger admits that Brandon Pratt is a black male under the age of 40, promoted in November 2021. Plaintiff Eppinger denies Defendant answer, allegations are true.

48. Plaintiff Eppinger deny to the Defendant answer in Paragraph 48. Plaintiff Eppinger has not been given the same or similar opportunities for advancement to lead roles, exempt status, and position reclassification opportunities as her peers. Paragraph 43-47 of this document speaks for themselves.

49. Plaintiff Eppinger deny to the Defendant answer in Paragraph 49. Plaintiff Eppinger's White counterparts within the university have all been promoted and duties are identical to Plaintiff Eppinger assigned duties.

### THE ROLE OF POSITION RECLASSIFICATION

50. Plaintiff Eppinger admits to Paragraph 50. Plaintiff Eppinger denies defendant answer, allegations are true, Human Resources, Laure Pou did not submit the

8

criterial and qualification of the Business Manager positions, as requested. Email speaks for itself.

51. Plaintiff Eppinger admits to Paragraph 52 based on HR belief and information. It is Plaintiff Eppinger belief and information this method is used eliminate qualified black Americans and promote only selective white Americans.

52. Plaintiff Eppinger deny Defendant answer in Paragraph 52. Exhibit K Part 56-62, speaks for themselves.

53. Plaintiff Eppinger deny Defendant answer in Paragraph 53. Exhibit K Part 56-62, speaks for themselves.

54. Plaintiff Eppinger admit to Defendant answer in Paragraph 54. Plaintiff Eppinger allegations can be proved.

55. Plaintiff Eppinger admit Defendant answer in Paragraph 55.

### RETALIATION AFTER ENGAGING IN PROTECTED ACTIVITY

56. Plaintiff Eppinger admits to Defendant answer in Paragraph 56. Plaintiff Eppinger corrects Defendant, request included a face-to-face meeting, due to conference room was locked with no access, McClellan then requested conference call. Plaintiff Eppinger reschedule the phone meeting due to anxiety. Exhibit L is the correct exhibit, contains a continuation to Exhibit L , text message. Exhibit L 63-65 speaks for themselves. McClellan did share UTC's onsite investigation (Plaintiff's complaint).

57. Plaintiff Eppinger deny Defendant answer in Paragraph 57. Exhibit L 63-65 speaks for themselves. Conference room was lock, McClellan then requested a conference three-way call which included Julie Brown, Director of Human Relations.

9

58. Plaintiff Eppinger admits to the Defendant answer in Paragraph 58.

59. Plaintiff Eppinger admits to the Defendant answer in Paragraph 59. Plaintiff Eppinger deny Defendant answer unable to make submission, when exhibits speak for themselves. Exhibit L 63-65

60. Plaintiff Eppinger deny to the Defendant answer in Paragraph 60.

61. Plaintiff Eppinger admits to Paragraph 61. Plaintiff Eppinger denies Defendant answer McClellan and Plaintiff Eppinger are in proximate.

62. Plaintiff Eppinger deny to the Defendant answer in Paragraph 62. Plaintiff Eppinger often be-friended Amanda Winesburgh.

63. Plaintiff Eppinger deny to the Defendant answer in Paragraph 63.

64. Plaintiff Eppinger deny to the Defendant answer in Paragraph 64.

65. Plaintiff Eppinger deny to the Defendant answer in Paragraph 65.

66. Plaintiff Eppinger deny to the Defendant answer in Paragraph 66.

67. Plaintiff Eppinger admits to Defendant answer in Paragraph 67.

68. Plaintiff Eppinger admits to Paragraph 68. McClellan and Plaintiff Eppinger both acted out of anger, and unprofessionally. Respect was not respected by McClellan. Plaintiff Eppinger apologize to McClellan and apology was not receptive. McClellan did not apologize to Plaintiff Eppinger, Plaintiff Eppinger was seeking "relief" and did not receive from Diversity & Inclusion office, Human Relation office, and higher Managers. It is Plaintiff Eppinger belief and information, offices of this kind do not protect. Plaintiff Eppinger denies all allegation regarding phone in Paragraph 68.

69. Plaintiff Eppinger deny to the Defendant answer in Paragraph 69. The location from Winesburgh office to McClellan is impossible for McClellan to hear conversations.

70. Plaintiff Eppinger deny to the Defendant answer in Paragraph 70. Linda Sue Stephens occupied that office prior to Winesburgh and the old phone was installed.

71. Plaintiff Eppinger deny to the Defendant answer in Paragraph 71.

72. Plaintiff Eppinger admits to Paragraph 72. Exhibits speak for itself.

73. Plaintiff Eppinger admits that the 1 statement made by Plaintiff Eppinger was out of anger and disrespectful. McClellan did not display respect, as well. Plaintiff Eppinger was provoked and harassed, daily. Email to Dr. Brown was seeking "relief." Plaintiff Eppinger denies all other allegations written in write-up is "false".

74. Plaintiff Eppinger deny to the Defendant answer in Paragraph 74. The university cannot provide any known "write-up" with Plaintiff Eppinger's signature before are after April 16, 2021.

75. Plaintiff Eppinger admit to the Defendant answer in Paragraph 75. It is Plaintiff Eppinger belief and information all negative information written is false.

76. Plaintiff Eppinger admits to the Defendant answer in Paragraph 76.

77. Plaintiff Eppinger admit to Paragraph 77. Plaintiff Eppinger denies, and makes correction, Anthony McClellan was not in this meeting on May 13, 2022, when she stated to Ellis that her performance review is a form of retaliation and harassment.

78. Plaintiff Eppinger admits to Paragraph 78. Plaintiff Eppinger denies Defendant answer, Ellis, in fact stated that he had no knowledge of what was written in Plaintiff Eppinger's performance review.

11

79. Plaintiff Eppinger admits to Paragraph 79.

80. Plaintiff Eppinger admits to Paragraph 80. Plaintiff Eppinger denies Defendant answer, Laure Pou did not cover the rebuttal as planned.

81. Plaintiff Eppinger deny to the Defendant answer in Paragraph 81.

82. Plaintiff Eppinger admits to Paragraph 82. It is Plaintiff belief and information the ongoing meetings "performance rebuttal" are often planned, with no resolution.

83. Plaintiff Eppinger deny to the Defendant answer in Paragraph 83.

84. Plaintiff Eppinger deny to the Defendant answer in Paragraph 84

## UNEQUAL DISCIPLINARY TREATMENT BASED ON RACE

85. Plaintiff Eppinger admits to the Defendant answer in Paragraph 85. Plaintiff Eppinger, makes corrections it should read annual/sick leave **should be recorded**.

86. Plaintiff Eppinger admits to Paragraph 86.

87. Plaintiff Eppinger deny to the Defendant answer in Paragraph 87.

88. Plaintiff Eppinger deny to the Defendant answer in Paragraph 88. This is in direct contrast to Plaintiff Eppinger, who received a Final Written Warning with no advance written warnings, or progressive disciplinary action.

89. Plaintiff Eppinger admits to Paragraph 89.

90. Plaintiff Eppinger deny to the Defendant answer in Paragraph 90. It is Plaintiff Eppinger belief that this is due her engaged in protected activity.

91. Plaintiff Eppinger deny to the Defendant answer in Paragraph 91. It is Plaintiff Eppinger belief that a final written warning, was an adverse employment action.

12

92. Plaintiff Eppinger deny to the Defendant answer in Paragraph 92. It is Plaintiff Eppinger belief that the adverse action gives a chilling effect on her willingness to engage in any further protected activity

**TRANSFER OF JOB FUNCTIONS**

93. Plaintiff Eppinger deny to the Defendant answer in Paragraph 93.

94. Plaintiff Eppinger admits to Paragraph 94. It is Plaintiff Eppinger belief and information, if assigned duties are removed from Plaintiff Eppinger, transferred to Winesburgh, "Defendant admitted." It is Plaintiff Eppinger belief that the Business Manager job opportunity should have been "equally" offered. Plaintiff Eppinger denies Defendant answer, exhibit Q, this identifies payroll encroachment, only.

95. Plaintiff Eppinger admits to Paragraph 95. Plaintiff Eppinger adds, job responsibilities not only reassigned to Winesburgh, but Debby Corey, Jean Betters, as well. Plaintiff Eppinger denies Defendant answer, exhibit R 75 is a reassignment to Debby Corey.

96. Plaintiff Eppinger deny to the Defendant answer in Paragraph 96. Re-assignments is a new process emerged that completely eliminates Plaintiff Eppinger's previously assigned duties associated with the function. A form of retaliation.

97. Plaintiff Eppinger deny to Defendant answer in Paragraph 97.

98. Plaintiff Eppinger deny to Defendant answer in Paragraph 98. J&J Construction invoice, emails speak for themselves. Exhibit R page 75 of 23 pages.

99. Plaintiff Eppinger deny to the Defendant answer in Paragraph 99. "Disciplinary letters" on behalf of Corey McGraw, emails speak for themselves. This was Plaintiff

13

Eppinger assigned duties from 2015-22, re-assignment on February 23, 2022, a form of retaliation.

100. Plaintiff Eppinger deny to Defendant answer in Paragraph 100. It is a fact that Corey McGraw reports to Anthony McClellan and Plaintiff Eppinger processed disciplinary letters on behalf of Corey McGraw. Proof available.

101. Plaintiff Eppinger deny to Defendant answer in Paragraph 101. Motor pool invoices, remove. Exhibits R p75 speak for itself.

102. Plaintiff Eppinger deny to Defendant answer in Paragraph 102. E-termination removed, exhibits R pg. 75, and following speaks for themselves.

103. Plaintiff Eppinger deny to Defendant answer in Paragraph 103. All re-assignment took place after Plaintiff Eppinger file a complaint against the university.

104. Plaintiff Eppinger deny to Defendant answer in Paragraph 104. On April 15, 2021, when Plaintiff Eppinger attempted to raise job encroachment (payroll) issues with Anthony McClellan, he became angry and shouted at her. McClellan was not respectful to Plaintiff Eppinger, he laughed and mocked.

105. Plaintiff Eppinger deny to Defendant answer in Paragraph 105.

106. Plaintiff Eppinger deny to Defendant answer in Paragraph 106.

**DISPARATE IMPACT UNEQUAL ACCESS TO ADVANCE OPPORTUNITIES**

107. Plaintiff Eppinger admits to Defendant answer in Paragraph 107.

108. Plaintiff Eppinger deny to Defendant answer in Paragraph 108.

109. Plaintiff Eppinger admit to Paragraph 109. Stephens retired November 30, 2020. Plaintiff Eppinger deny all remaining, Defendant failed to admit or deny that she returned at $26 hourly.

110. Plaintiff Eppinger admits to Defendant answer in Paragraph 110. Plaintiff Eppinger was an assistant to Stephens 2015-2020. Plaintiff Eppinger denies Defendant answer, Stephens did in fact train others, and Winesburgh was one who was often trained.

111. Plaintiff Eppinger deny to Defendant answer in Paragraph 111. Defendant did not answer the question; correctly, therefore, Plaintiff Eppinger denies Defendant answer of remaining allegation. Plaintiff Eppinger does have the requisite knowledge, skills and abilities to perform as Stephens, but was not considered.

## DAMAGES

112. Plaintiff Eppinger admits to Defendant answer in Paragraph 112. Plaintiff Eppinger can provide proof of evidence.

113. Plaintiff Eppinger deny to Defendant answer in Paragraph 113. It is Plaintiff Eppinger information and belief that the university reclassification policies impact its employees who are members of a protected class.

114. Plaintiff Eppinger deny to Defendant answer in Paragraph 114.

115. Plaintiff Eppinger deny to Defendant answer in Paragraph 115.

116. Plaintiff Eppinger admits that she is entitled to all relief listed in the unenumerated paragraph beginning with "Wherefore"

117. All allegation made by Plaintiff Eppinger therein are **TRUE**, and Plaintiff Eppinger prays the courts awards all relief.

15

## PLAINTIFF'S FIRST DEFENSE

The university did in "fact" violate the Tennessee State Law, including violation of Title VII of the Civil Rights Act of 1964 ("Title VII") as codified, 42 U.S.C. §§ 200e et seq., Age Discrimination in Employment Act of 1967, (ADEA) as codified, 29 U.S. C. §§ 621 to 634, Americans with disabilities Act of 1990 ("ADA"), Tennessee Human Rights Act (the "THRA") pursuant to T.C.A.§ 4-21-101 et seq.

## PLAINTIFF'S SECOND DEFENSE

On July 1 2021, Plaintiff Eppinger timely filed an initial inquiry with the TN Human Rights Commission ("THRC") and received a Right to Sue Letter from the EEOC prior to filing her complaint in the Circuit Court of Hamilton County, TN on July 8, 2021.

## PLAINTIFF'S THIRD DEFENSE

Plaintiff Eppinger filed additional charge with the EEOC on the basis of retaliation, age discrimination and disability, which was under investigation. Commissioner of EEOC later closed due to lawsuit filed in Federal court. Two (2) investigation were not necessary. Plaintiff Eppinger has fully complied with all prerequisites to jurisdiction in this court.

**Moreover**, having fully "reply" to the Defendant answer of Plaintiff Eppinger's Amended Complaint, and tort claims including, Punitive Damages, Litigation expenses, and other **therein.**

16

Accordingly, Plaintiff Eppinger request that Defendant' motion "Answer to Amended Complaint," and request to dismiss Plaintiff Eppinger Amended Complaint be denied. The university is in violation on three counts:

- Title VII of the Civil Rights Act of 1964, 42 U.S.C §§ 200E et seq.,
- Age Discrimination in Employment Act of 1967, (ADEA) as codified, 29 U.S.C. §§ 621 to 634
- Tennessee Human Rights Act ("THRA") pursuant to T. C.A. § 4-21-101 et seq.
- While engaged in protective activity
- Harassment and Retaliation

**WHEREFORE,** Plaintiff Eppinger respectfully prays that this Court enter judgement as follows:

1. Accept Jurisdiction over this matter

2. Award Plaintiff for present, past, future of lost wages with interest

3. Award Plaintiff compensatory, liquidated, and punitive damages

4. Award Plaintiff Eppinger all court cost and fees incurred in connection with this action

5. Grant Plaintiff Eppinger such additional or alternative relief as the Court deems just and proper, which includes consideration for advancement in current department Facilities Planning & Management with equal salary as counterparts

6. Grant such additional or alternative relief as the Court deems just and proper

7. Order Defendant to conduct an analysis of the impact it's reclassification policy on members of protected classes, specifically the impact on racial minorities, and person with disability.

17

8. Award Plaintiff for violation of Title VII Civil Rights Acts 1964, as mended 42. U.S.2000e

9. Award Plaintiff damages from Amanda Winesburgh assigned duties encroachment from 2018 – present, harassment and retaliation

10. Award Plaintiff damages from Anthony McClellan from December 2020 to present for retaliation, bullied, harassment, unjustified low score on 2021 performance evaluation, and hostile work environment

11. Award Plaintiff damages from UTC Human Resources, conspiracy in connection with the actions of both Amanda Winesburgh and Anthony McClellan

12. Order Defendant to allow Plaintiff Eppinger to print proof of document from IRIS system in connection with performance review, etc.

13. Award Plaintiff for Unfair Business Practices

14. Order Defendant to allow Plaintiff to remain in Facilities Dept. as long as she desires

15. Award Plaintiff for Psychologist visits including deposits

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing instrument was delivered to the following persons set out below by U.S. mail and postage prepaid.

On this ____4th____ day of __August__ 20_22_

UTC of Tennessee at Chattanooga
Yousref Hamadeh Esq.
Office of the General Counsel
615 McCallie Avenue
Chattanooga, TN 37403

UTC of Tennessee at Knoxville
Michael Fitzgerald, Esq
Office of the General Counsel
505 Summer Place, UTT # 1120A
Knoxville, TN 37902

Cathy Eppinger
1229 Gunbarrel Road
Chattanooga, TN 37421
keppingr@epbfi.com

## VERIFICATION

Personally appeared before the undersigned officer duly authorized to administer and receive oaths, Plaintiff **Cathy Eppinger**, who after being duly sworn, states that all of the allegations in the foregoing Verified Complaint for Damages and Demand for Jury Trial are true and correct to the best of her knowledge, information, and belief.

This 4th day of August 2022

_____
Cathy Eppinger

SWORN to subscribed before me,

This 4th day of August, 2022

_____  My commission expires _____
NOTARY REPUBLIC

My Commission Expires February 25, 2024

19

Case 1:21-cv-00268-KAC-CHS   Document 40   Filed 08/04/22   Page 20 of 20   PageID #: 623