**COUNTY OF HAMILTON**
**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA**

| | |
|---|---|
| **CATHY EPPINGER** | Civil Action No: 1:21-CV-00268-KAC-CHS |
| Plaintiff, | |
| V. | |
| **UNIVERSITY OF TENNESSEE** | JURY TRIAL DEMAND |
| **AT CHATTANOOGA** | |
| Defendant, | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO LIFT STAY AND AMEND TO ADD COMPLAINT UNDER 42 U.S.C. § 1981**

Plaintiff, [Cathy Eppinger], *Pro Se* (**Eppinger**), hereby reply to Defendant's opposed Motion to Lift Stay and Motion to Amend Complaint (Fourth) to **Add** a Claim under 42 U.S.C. § 1981. In support of this Opposition and Motion, Plaintiff states as follows:

1. Plaintiff respectfully opposes the Defendant's Motion to Lift Stay [Doc 127] and [Doc 131] on the grounds maintaining the stay would unduly prejudice the Plaintiff by preventing the timely assertion of this important federal claim. Plaintiff filed a motion to lift the stay on September 13, 2024, [Doc 126], Defendant filed in Opposition to Stay on September 16, 2024, [Doc 127], February 14, 2025 [Doc 131]. Plaintiff filed in Opposition on September 23, 2024, [Doc 128]. "On February 5, 2025, Plaintiff requested a ruling via certified letter, proposing an Amended Complaint to **Add** a claim under 42 U.S.C. § 1981 based on newly discovered facts of racial discrimination. The court then filed it in the court record on February 7, 2025.

2. A stay has been in effect since March 6, 2024, [Doc 119] pending Defendant's Motion for Summary Judgment. ORDER granted Plaintiff permission to file a sur-reply on April 2, 2024 [Doc 124].

1

Plaintiff submitted sur-reply on April 9, 2024, [Doc 125]. ORDER required Defendant to respond within seven days of Plaintiff's filing. Defendant did *not* file a response.

3. Plaintiff's Proposed Motion seeks leave to file an Amended Complaint to **Add** claim 42 U.S.C § 1981 is *not* futile for several reasons.

4. First, in Defendant's opposition [Motion, p. 3, Doc 127] stated that 42 U.S.C. § 1981 has a four-year statute of limitations, making Plaintiff's 2022 termination claim timely.

5. Second, even if a stay or scheduling order is in place, as long as the plaintiff discovers the discriminatory act/newly discovered facts of racial discrimination, and files the claim within the four-year statute of limitations, the claim is considered timely. The stay or expired scheduling order does not affect the statute of limitations period for filing a 42 U.S.C. § 1981 claim. Third, in Defendant's Opposition [Motion, p. 3, Doc 127] stated that Plaintiff was at all times an at-will employee of UTC and she never has a contract of any sort. Courts have generally held that 42 U.S.C. § 1981 *does* protect at-will employees. The reasoning is that even at-will employment is considered a contractual relationship, and therefore, employees are *protected* from racial discrimination in hiring, firing, and other terms and conditions of employment, see *Comcast Corp. v. National Association of African American-Owned Media*, 589 U.S. ___ (2020). See also *CBOCS West, Inc. v. Humphries*, 553 U.S. 442 (2008). Headrick Humphries, an African-American employee, filed a lawsuit against his employer, CBOCS West, Inc, alleging racial discrimination under 42 U.S.C. § 1981 after he was terminated for complaining about racial harassment. The lower court initially denied the 42 U.S.C. § 1981 claim in **CBOCS West, Inc. v. Humphries. The District Court granted summary judgment in favor of CBOCS**, dismissing Humphries' §1981 claims. However, the **Seventh Circuit Court of Appeals** later reversed the decision on the retaliation claim, holding that §1981 does encompass retaliation claims. This led to the Supreme Court's review and ultimate ruling that §1981 indeed covers retaliation claims. This case is significant because it expanded the scope of 42 U.S.C. § 1981 to include retaliation claims, reinforcing the statue's role in

2

protecting against racial discrimination in employment and other contractual relationships. *The Eleventh Amendment* grants state sovereign immunity, which means they cannot be sued in federal court by citizens of another state or foreign citizens. However, Congress can abrogate (remove) this immunity under certain circumstances, such as when enforcing the *Fourteenth Amendment*. In the context of 42 U.S.C. § 1981, the Supreme Court has held that Congress validly abrogated (remove) state sovereign immunity for claims under this statute. Therefore, a plaintiff can bring a claim under 42 U.S.C. § 1981 against a state, despite the *Eleventh Amendment.* see *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976), the Supreme Court ruled that Congress could abrogate (remove) state sovereign immunity when it passed legislation under Section 5 of the 14th amendment to enforce equal protection rights.

6. Accordingly, and for the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to maintain the stay [Doc 127] and [Doc 131], grant Plaintiff's motion to lift the stay [Doc 126] and [Doc 130], and allow her Proposed Amended Complaint to add a claim under 42 U.S.C. § 1981.

**I HEREBY CERTIFY** that the foregoing instrument was delivered to the following persons set out below by U.S. mail and postage prepaid.

On this 21st day of February 2025

Yousef Hamadeh Esq.
UTC Office General Counsel
615 McCallie Avenue
Chattanooga, TN 37403
Yousef-hamadeh@utc.edu

Michael Fitzgerald, Esq.
UTK Office, General Counsel
505 Summer Place, UTT#1120
Knoxville, TN 37902
mike.fitzgerald@tennessee.edu

Cathy Eppinger

3